IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT ROSS BANKS,<br><br>      Plaintiff,<br><br>    vs.<br><br>ALOK KALE, PRESTON HUMPHREY Esq, LLC and ABC INSURANCE COMPANY,<br><br>      Defendants. | Case No. 13-cv-1336-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Preston Humphrey Esq, LLC's ("Preston Humphrey") motion to dismiss plaintiff Robert Ross Banks' complaint (Doc. 6). For the following reasons, the Court grants the motion to the extent it seeks dismissal of the complaint.

1. **Background**

This Court previously appointed defendant Alok Kale, a criminal defense attorney, to represent Banks in criminal proceedings before this Court. *United States v. Banks*, Case No. 03-cr-40019-JPG, Doc. 62. At the time of the representation, Kale was associated with the firm of Humphrey, Siegler & Kale, LLC, the successor corporation of which is Preston Humphrey. On November 8, 2004, Banks pleaded guilty to conspiracy to distribute cocaine, two counts of distribution of marijuana, and one count of distribution of cocaine. Doc. 70 in criminal case. This Court sentenced Banks to a total term of 360 months imprisonment and he is currently in the custody of the Federal Bureau of Prisons. Doc. 99-1 in criminal case.

After Kale's representation of Banks, Kale completed a "CJA 20 Appointment and Authority to Pay Court Appointed Counsel" form to receive payment for his services to Banks. On that form, Kale checked the "yes" box to the following question: "Other than from the court,

have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation?" Doc. 103 in criminal case. Based solely on this indication, Banks now brings an eight-count complaint alleging as follows: (1) Count One: breach of fiduciary duty against Kale, (2) Count Two: constructive fraud against Kale, (3) Count Three: fraudulent misrepresentation and/or omission against Kale, (4) Count Four: fraudulent concealment against Kale, (5) Count Five: breach of fiduciary duty against Preston Humphrey, (6) Count Six: constructive fraud against Preston Humphrey, (7) Count Seven: fraudulent misrepresentation and/or omission against Preston Humphrey, and (8) Count Eight: fraudulent concealment against Preston Humphrey.

To date, Banks has only served Preston Humphrey with his complaint. Preston Humphrey filed its motion to dismiss arguing that Banks' complaint should be dismissed because the appointment of representation was not to Preston Humphrey, Banks has waited over ten years to assert these claims, and Banks has failed to state how he was injured. Finally, Preston Humphrey seeks an award of reasonable attorney's fees for having to respond to Banks' frivolous complaint.

2. **Analysis**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S.

Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667. With this standard in mind, the Court will consider whether Banks has stated a claim upon which relief may be granted.

Here, Banks fails to plead factual content allowing the court to draw the reasonable inference that Preston Humphrey is liable for the alleged misconduct.  Banks does not allege from where the supposed third party payment came.  To that extent, the Court cannot even determine whether there was a third-party payment or simply a clerical error on the form. Accordingly, Banks fails to state a claim that is plausible on its face and his right to relief does not arise above a speculative level.  Accordingly, the Court dismisses his complaint for that reason.  Further, Banks fails to properly allege the elements necessary to establish his various state law claims as follows.

### a. Breach of Fiduciary Duty

Banks alleges a claim for breach of fiduciary duty against Preston Humphrey in Count Five of his complaint.  To state a claim for breach of fiduciary duty under Illinois law, a plaintiff must plead the existence of a fiduciary duty, breach of that duty, and resulting damages.  *LaSalle Bank Lake View v. Seguban*, 937 F. Supp. 1309, 1324 (N.D. Ill. 1996) (citing *Martin v. Heinold Commods., Inc.*, 608 N.E.2d 449 (1992)).  Banks fails to allege he suffered any damages as a result of the alleged breach of fiduciary duty and thus fails to state a claim.  Accordingly, his breach of fiduciary duty claim must be dismissed.

### b. Constructive Fraud

Next, Banks pleads constructive fraud against Preston Humphrey in Count Six.  Under Illinois law, "[c]onstructive fraud includes 'any act, statement or omission which amounts to positive fraud or which is construed as a fraud by the courts because of its detrimental effect upon public interests and public or private confidence.'"  *Joyce v. Morgan Stanley & Co., Inc.*, 538 F.3d 797, 800 (7th Cir. 2008).  A plaintiff must establish "that defendant (1) breached the fiduciary duty he owed to plaintiff and (2) knew of the breach and accepted the fruits of the fraud."  *Id*. (quoting *Prodromos v. Everen Secs., Inc.*, 793 N.E.2d 151, 158 (Ill. App. Ct. 2003)).

Here, Banks has failed to allege that Preston Humphrey knew of any fraud or that they accepted "the fruits of the fraud." Accordingly, Banks' constructive fraud claim against Preston Humphrey must be dismissed.

### c. Fraudulent Misrepresentation and Fraudulent Concealment

Next, Banks pleads a claim for fraudulent misrepresentation and fraudulent concealment against Preston Humphrey in Counts Seven and Eight. To state a claim for fraudulent misrepresentation under Illinois law, a plaintiff must plead

> (1) [a] false statement of material fact; (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damages to the other party resulting from that reliance.

*Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012) (quoting *Dloogatch v. Brincat*, 920 N.E.2d 1161, 1166 (Ill. 2009)). To plead a claim for fraudulent concealment, a plaintiff must plead the elements of fraudulent misrepresentation plus "allege that the defendant intentionally omitted or concealed a material fact that it was under a duty to disclose to the plaintiff." *Wigod*, 673 F.3d at 571. Federal Rule of Civil Procedure 9(b) requires a plaintiff "alleging fraud" to "state with particularity the circumstances constituting fraud." *Id.* at 571. The Seventh Circuit has explained that the particularity requirement requires the plaintiff to plead "the who, what, when, where, and how." *Id*.

Here, Banks has clearly failed to plead a claim for fraudulent misrepresentation or concealment. He has not pleaded that defendant made a false statement or that he believed any statement to be false. Banks also fails to allege that the defendants intended to induce Banks to act or that he acted in reliance on any statement. As Preston Humphrey points out, Banks does not assert that he was forced to plead guilty by Kale. Finally, he fails to allege he was damaged by any reliance. This pleading is especially deficient in light of the heightened pleading

5

requirements for fraud because Banks cannot even explain from where the alleged third party payment came. Accordingly, Banks fails to state a claim for fraudulent misrepresentation or concealment and those claims must be dismissed.

### 3. Attorney's Fees

Finally, Preston Humphrey asks for attorney's fee due to the frivolous and malicious nature of Banks' complaint. Preston Humphrey fails to specify the Court's authority for an award of attorney's fees. However, the Court does possess the inherent power to assess attorney's fees as a sanction where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975). The Court finds it inappropriate to assess sanctions at this time. However, the Court is concerned with the frivolous nature of Banks' complaint. The Court warns Banks that this Court or any other Court may impose sanctions in the future if he files clearly frivolous pleadings or filings in this case.

### 4. Conclusion

For the foregoing reasons, the Court **GRANTS** Preston Humphrey's motion to dismiss (Doc. 6), **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of this case, and **WARNS** Banks that this Court or any other court may impose sanctions if he files clearly frivolous pleadings or filings in this case or in any other way "act[s] in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska*, 421 at 258-59.

**IT IS SO ORDERED.**

**DATED:** July 14, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
