IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT ROSS BANKS,<br><br>            Plaintiff,<br><br>    vs.<br><br>ALOK KALE, PRESTON HUMPHREY Esq, LLC and ABC INSURANCE COMPANY,<br><br>            Defendants. | Case No. 13-cv-1336-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Order to Show Cause (Doc. 13) entered by this Court on July 10, 2014.  In that Order, the Court ordered plaintiff Robert Ross Banks to show cause on or before August 8, 2014, why his claims against defendants Alok Kale and ABC Insurance Company should not be dismissed for failure to serve these defendants within 120 days of filing the complaint as required by Federal Rule of Civil Procedure 4(m).

Banks responded to this Court's order stating that he served Alok Kale on February 22, 2014, and March 22, 2014 (Doc. 15).  He further states that he "has made numerous attempts to serve Kale" (Doc. 15, p. 1).  In his closing paragraph he asks the Court to find that he "has made proper service on defendant Kale, and to stay any ruling on defendant ABC Insurance Company until the discovery process is completed" (Doc. 15, p. 2).

Banks attaches an exhibit showing his attempts to serve on Kale.  First, he attaches the affidavit of Thomas Penn of Carbondale, Illinois, who attests that on February 22, 2014, he mailed a copy of the civil cover sheet, summons, and complaint to Kale via registered mail to Kale (Doc. 15-1, p. 4).  That mail never reached Kale (Doc. 15-1, p. 5).  A second affidavit of Penn, dated March 22, 2014, attests that Penn mailed via registered mail a copy of the civil cover sheet, summons, and complaint to Kale at a different address (Doc. 15-1, p. 5).  This attempt at mailing the documents was similarly unsuccessful (Doc. 15-1, p. 7).

Banks also attaches invoices and affidavits from a process server showing several unsuccessful attempts to serve Kale (Doc. 15-1, p. 9-13). It appears the process server attempted to serve Kale eight times in January 2014. The process server then attempted to serve Kale at second address; however, that turned out to be a "bad address" as Kale was "not listed as a tenant in this unit" (Doc. 15-1, p. 13). The process server then located a third address. The affidavit indicates a child answered the door and indicated Kale was his uncle, Kale did not live there, and he did not know Kale's address. Ultimately, there is no evidence that Kale ever received any kind of notice of this complaint.

Where a defendant does not waive service and no federal statute provides otherwise, a plaintiff may only effectuate service in the following manners: "personal service (Rule4(e)(2)A)); leaving a copy of the complaint and summons at the defendant's 'usual place of abode' with someone of suitable age and discretion who reside there (Rule 4(e)(2)(B)); delivering a copy of the complaint and summons to an agent authorized to accept service (Rule 4(e)(2)(C)); or any other manner of serving process permitted by the law of the state where the district court sits (Rule 4(e)(1))." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing Fed. R. Civ. P. 4(e))). Clearly, Banks has failed to comply with these requirements because he has not conveyed a copy of the complaint and summons to Kale in *any* manner. Rather, the attachments show that Banks has yet to find the location of Kale. As such, the Court will not conclude that Banks has made proper service on Kale as Banks suggests.

Next, the Court must consider whether to dismiss Banks' claims for failure to serve Kale. Pursuant to Federal Rule of Civil Procedure 4(m) a plaintiff must generally serve a defendant within 120 days of filing the complaint. *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). A plaintiff may ask for additional time to serve the defendant if service is not accomplished within that time frame. Upon a showing of good cause for the plaintiff's failure to timely serve the defendant, the district court must grant an extension of time. *Id*. Good cause for failing to serve a defendant

may include instances where the defendant evades service of process. *See Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988). However, "half-hearted efforts to serve a defendant will not excuse a plaintiff from adhering to the 120-day deadline." *Id*. In the absence of a showing of good cause, the decision to extend the time to serve the defendant is in the district court's discretion. *Ligas*, 549 F.3d at 501.

First, the Court must consider whether Banks has shown good cause for his failure to effectuate service on Kale. Here, after his unsuccessful attempts to serve Kale, Banks did not even seek an extension of time to effectuate service. Further, seven months have passed since Banks' last attempt at service in January 2014 leading this Court to believe that Kale's effort to serve Kale is half-hearted. It does not appear that Kale is evading service. Rather, it appears that Banks is simply unable to locate Kale and has discontinued his attempts to serve Kale. As such, Banks has failed to show good cause for failing to effectuate service within 120 days.

Next, the Court must consider whether to exercise its discretion in extending time for Banks to serve Kale. In making such a determination, the court may consider and balance several factors including: (1) whether a statute of limitations would prevent refiling, (2) whether the defendant evaded service, (3) whether the defendant would be prejudiced by an extension, whether the defendant was eventually served, (4) whether the defendant had actual notice, (5) whether plaintiff requested an extension of time, and (6) whether plaintiff diligently pursued service. *Cardenas v. City of Chi.*, 646 F.3d 1001 1006-07 (7th Cir. 2011).

After considering the instant case, the Court finds this is not the appropriate case in which to exercise discretion and permit Banks more time to serve Kale. The Court notes it weighs heavily against Banks that he did not even ask the Court for an extension of time to serve Kale and that service will be forthcoming. Further, it appears that Banks has failed to diligently pursue service because he has made no attempt to serve Kale in the last seven months. In balancing these and other factors, the Court declines to exercise its discretion in extending Banks time to serve Kale. The

Court recognizes Banks is *pro se*; however, "proceeding *pro se* does not excuse [his] failure to comply with procedural rules." *See McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001).

While it is appropriate to dismiss Banks' claims against Kale for failure to effectuate service, the Court notes there may be another reason why Banks' claims should be dismissed. Subsequent to this Court's show cause order (Doc. 13), this Court dismissed Banks' claims against defendant Preston Humphrey, Esq, LLC for failure to state a claim and noted the frivolous nature of the complaint. Banks states the same claims against Kale and ABC Insurance Company. Accordingly, the Court **ORDERS** Banks to **show cause on or before September 12, 2014**, why this Court should not dismiss his complaint against Kale and ABC Insurance Company for the same reasons it dismissed Banks' complaint against Preston Humphrey, Esq, LLC in its Order dated July 14, 2014 (Doc. 14). The Court **DIRECTS** the Clerk of Court to mail a copy of this Order to Banks.

**IT IS SO ORDERED.**

**DATED:** August 14, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
