**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

ROBERT ROSS BANKS,                )
                                  )
           Plaintiff,             )
                                  )
vs.                               )          Case No. 13-cv-1336-JPG-PMF
                                  )
ALOK KALE, PRESTON HUMPHREY       )
Esq, LLC and ABC INSURANCE        )
COMPANY,                          )
                                  )
           Defendants.            )

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the court on Plaintiff's Motion to Stay Proceedings (contained in Plaintiff's Response to Show Cause Order Doc. 17) and Motion (Doc. 18) under Rule 60(b) of Federal Rules of Civil Procedure.  The Court notes that Defendant Preston Humphrey Esq. LLC has been dismissed from this matter and Defendants Alok Kale and ABC Insurance Company have not been served.

Plaintiff's Motion to Stay Proceedings (contained in Plaintiff's Response to Show Cause Order Doc. 17) requests that the Court stay the action indicated in the Show Cause Order (Doc. 16) of August 14, 2014, until such time as the Court rules on Plaintiff's Rule 60(b) Motion (Doc. 18) which was filed in conjunction with the Response to Show Cause Order.  The Show Cause Order (Doc. 16) directed the Plaintiff to show cause why this Court should not dismiss his complaint against Defendants Kale and ABC Insurance Company for the same reasons it dismissed Defendant Preston Humphrey, Esq. LLL in its Order (Doc. 14) dated July 14, 2014. The Court is addressing Plaintiff's Rule 60(b) motion at this time.  Therefore, Plaintiff's Motion to Stay Proceedings (contained in Plaintiff's Response to Show Cause Order Doc. 17) is **MOOT**.

## 1. Background

Plaintiff filed his Complaint (Doc. 1) on December 26th, 2013, against Defendants Alok Kale, Preston Humphrey Esq., LLC, and ABC Insurance Company.  The Complaint alleges counts of breach of fiduciary duty, constructive fraud, fraudulent concealment, and fraudulent misrepresentation and/or omission stemming from Defendant's Alok Kale representation in Plaintiff's criminal proceedings (*United States v. Banks*, Case No. 03-cr-40019).

After Kale's representation of Banks, he completed a "CJA 20 Appointment and Authority to Pay Court Appointed Counsel" form to receive payment for his services and on that form, checked the "yes" box to the question:  "Other than from the Court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation?" (Doc. 103 in criminal case.)  The above counts center on that issue.

To date, only Defendant Preston Humphrey Esq. LLC has been served.  Preston Humphrey filed a Motion (Doc. 6) to Dismiss for Failure to State a Claim on February 16, 2014, and that Motion (Doc. 14) was granted by the Court on July 14, 2014.  The Court also issued a Show Cause Order (Doc. 13) requiring the Plaintiff to show cause why his failure to serve defendants Alok Kale and ABC Insurance Company should not result in dismissal of this action against those defendants.  Plaintiff responded to the Show Cause Order (Doc. 15) on August 8, 2014, stating *that he had made service* on Kale and also *that he made numerous attempts* to serve Kale.

The Court, in its Memorandum and Order (Doc. 16), noted that there were conflicting statements within Plaintiff's Response to Show Cause (Doc. 15) and that there was no actual indication that Kale received proper service.  It also noted that seven months had passed since

Plaintiff had even attempted service and Plaintiff had made no attempt to request additional time leading the Court to believe that Plaintiff's efforts to serve Kale was half-hearted.  The Court declined to exercise its discretion in extending Plaintiff time to serve Kale.

The Court also noted that claims against Defendant Preston Humphrey were dismissed for failure to state a claim and noted the frivolous nature of the Complaint.  As such, the Memorandum and Order (Doc. 16) contained a Show Cause Order as to why this Court should not dismiss Plaintiff's Complaint against Kale and ABC Insurance Company for the same reasons it dismissed Plaintiff's Complaint against Preston Humphrey.

In response, Plaintiff filed the Motion to Stay Proceedings (contained in Plaintiff's Response to Show Cause Order Doc. 17) and Motion (Doc. 18) under Rule 60(b) of Federal Rules of Civil Procedure which the Court addresses herein.

## 2.  Analysis

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.  *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law."  *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).  The rule authorizes a Court to grant relief from judgment or an order for the specific reasons listed in the rule, but does not authorize action in response to general pleas for relief.  *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).  It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision.  *Russell*, 51 F.3d at 749;  *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000);  *Young*, 161 F.R.D. at 62;

*In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

The Plaintiff's Rule 60(b) Motions states that Plaintiff believes the Court made a mistake in dismissing Preston Humphrey for the central reason that Plaintiff did not allege where the third party payment came from and that he should be allowed to conduct discovery prior to any dismissals (Doc. 18).

Plaintiff's Rule 60(b) Motion only addresses the single sentence "Banks does not allege from where the supposed third party payment came." He does not address the numerous failures to properly plead that are outlined in the Memorandum and Order (Doc. 14). It is also noted that Plaintiff only provides Rule 60(b) and does not cite, as required, the specific reasons listed in the rule. The only basis for the Rule 60(b) that the Court can interpret, giving all reasonable allowances and benefit to the Plaintiff, is possibly under Rule 60(b)(1): mistake, inadvertence, surprise, or excusable neglect.

As noted above, a Rule 60(b) Motion is not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table). Plaintiff had his opportunity to address the issues raised in Rule 60(b) Motion in his Response to Defendant's Preston Humphrey's Motion to Dismiss. Instead, Plaintiff addresses a single sentence in the Memorandum and Order (Doc. 14) and fails to address the remainder of the issues raised – including Plaintiff's failure to Defendants Alok Kale and ABC Insurance Company.

The Court finds that it is appropriate to dismiss Plaintiff's claims against Alok Kale and ABC Insurance Company for failure to effectuate service and the Court further finds that Plaintiff's Rule 60(b) Motion only presents arguments that should have been raised before the court made its decision.

## 3. Conclusion

Therefore, Plaintiff's Motion to Stay Proceedings (contained in Plaintiff's Response to Show Cause Order Doc. 17) is **MOOT** and the Court **DENIES** Plaintiff's Motion (Doc. 18) under Rule 60(b) of Federal Rules of Civil Procedure.  Further, the Court finds that Plaintiff has not made a significate showing of cause as to why his complaint should not be dismissed against Defendants Kale and ABC Insurance Company.  As such, this matter is **DISMISSED** without prejudice against Defendants Alok Kale and ABC Insurance Company.  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**  10/20/2014

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**